IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

    **Plaintiff,**

v.                                                                      Case No. 1:21-cv-156-AW-GRJ

CITY OF GAINESVILLE,

    **Defendant.**

_____/

## ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT

Brandon Ricardo Smith was a Gainesville bus driver. During the COVID pandemic, the City required bus drivers to wear masks. Smith refused at one point, and he later asserted that he had a disability that kept him from wearing one. He later resigned and sued the City.

Smith's operative complaint alleges three counts: Count I claims "ADA – Disability Discrimination, Failure to Accommodate"; Count II claims "ADA – Harassment and Hostile Work Environment"[1]; and Count III claims "ADA – Retaliation." ECF No. 10.

---

[1] In a recent unpublished opinion, the Eleventh Circuit has assumed without deciding that an ADA hostile-work-environment exists. *Stewart v. Jones Utility & Contracting Co. Inc.*, 806 F. App'x 738, 741 & n.2 (11th Cir. 2020). I will assume it exists here. *See also Bosarge v. Mobile Area Water & Sewer Serv.*, 20-14298, 2022 WL 203020, at *13 (11th Cir. Jan. 24, 2022).

1

Both sides moved for summary judgment. ECF Nos. 26, 35. The City also moved to dismiss based on Smith's discovery violations. ECF No. 32. And Smith moved to strike certain of the City's exhibits. ECF No. 45. The magistrate judge denied the latter two motions, ECF No. 48, and issued a report and recommendation concluding the City is entitled to summary judgment. ECF No. 49. Smith has objected to the report and recommendation, and the City has responded. ECF Nos. 50, 52. Having carefully considered the matter de novo, I now grant summary judgment for the City, overrule Smith's objections, and deny Smith's motion for summary judgment.

First, I will address the motion to strike. The magistrate judge denied this nondispositive motion, consistent with his authority to decide such pretrial motions. *See* 28 U.S.C. § 636(b)(1). Smith's burden at this point, then, is to show the order was "clearly erroneous or [] contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). He has not done that. His argument that the City had to disclose its summary-judgment affidavits during discovery is plainly wrong, and his claim that counsel's affidavit should be excluded under Rule 37 is wrong too. The attorney's affidavit simply recounted procedural aspects of this case and, in any event, makes no difference to the summary-judgment issues now before the court.

*See* ECF No. 43-6. The magistrate judge did not clearly err in denying Smith's motion to strike.[2]

I now turn to the summary-judgment motions. Smith has presented no evidence from which a jury could conclude he has a disability for ADA purposes. The best Smith offers—through documents he says the court should consider—is that years ago as a middle- or high-school student, he had an Individual Educational Plan finding him "emotionally handicapped." ECF No. 39 at 66-71. Even if I were to accept that unauthenticated exhibit, it would leave Smith well short of satisfying his burden.

Smith's failure to show any ADA disability, though, does not defeat his retaliation claims. Even without a disability, a plaintiff can have a retaliation claim if he has a protected activity, which requires only a reasonable belief that there was a violation (including, as applied here, a reasonable belief that he had a disability). *Cf. Little v. United Technologies*, 103 F.3d 956, 960 (11th Cir. 1997) (outlining the requirement of an "objectively reasonable belief" for the protected activity). But Smith has not provided evidence from which a jury could conclude he had such a belief. So his retaliation claims fail too.

---

[2] The report and recommendation mistakenly says Michele Martin did not submit any affidavit. ECF No. 49 at 14 n.4. *But see* ECF No. 43-6. But there was still no basis to strike the Martin affidavit.

In short, Smith has not produced evidence that would allow any reasonable jury to side with him at trial.

This makes Smith's complaints about the Facebook post immaterial. A bus passenger complained on Facebook that a bus driver (Smith) was not wearing a mask. Smith contends this is hearsay and that the City never mentioned the Facebook post to him. The post is not hearsay because it is not used to prove that Smith did not wear a mask at all times; all parties agree that he did not. It was simply background as to how it came to be that Smith and his supervisor had the dustup on the bus. With or without the Facebook exhibit—and whether or not the City ever told Smith about it—the result would be the same.

Smith also suggests that the City had no business enforcing its mask policy under Florida law. ECF No. 50 at 12-13. But this has no bearing on the summary-judgment issues set out above.

Smith further argues that his unauthenticated exhibits were self-authenticating under the Federal Rules of Evidence. He is wrong on this point, but it makes no difference. With or without his exhibits, no reasonable jury could side with Smith.

It is now ORDERED:

1.    The Report and Recommendation (ECF No. 49) is adopted and incorporated into this order (except as to n.4).

2.     Smith's motion for summary judgment (ECF No. 26) is DENIED. The City's motion for summary judgment (ECF No. 35) is GRANTED.

3.     Smith's objections (ECF No. 50) are OVERRULED.

4.     The clerk will enter a judgment that says, "This case was resolved on summary judgment. Plaintiff's claims are dismissed on the merits, and Plaintiff shall take nothing from Defendant."

5.     The clerk will then close the file.

SO ORDERED on October 18, 2022.

                                                  s/ *Allen Winsor*
                                                United States District Judge